Filed 1/12/26  In re H.M. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re H.M. et al., Persons Coming Under the Juvenile Court Law. | B344521 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 24CCJP03972A-C) |
| Plaintiff and Respondent, | |
| v. | |
| B.L., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charles Q. Clay III, Judge.  Dismissed.

Jennifer L. Peabody and Mary Manuel, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Eden Gharapet, Deputy County Counsel, for Plaintiff and Respondent.

_____

Brandy L. (Mother) appeals from an order asserting dependency jurisdiction over her children, arguing there was insufficient evidence showing the children were at risk of harm at the time of the jurisdiction hearing. Although the juvenile court sustained the dependency petition under Welfare and Institutions Code section 300,[1] it did not declare the children dependents of the court and instead ordered six months of informal supervision under section 360, subdivision (b). While this appeal was pending, the supervision period ended without further court involvement. Thus, the juvenile court no longer has jurisdiction over the children, and there is no relief we can grant Mother. Accordingly, we dismiss her appeal as moot.

## PROCEDURAL BACKGROUND

Mother's three children, H.M., J.M., and B.P., were born in June 2008, October 2010, and October 2015 respectively. Neither H.M. and J.M.'s presumed father nor B.P.'s presumed father is a party to this appeal.

In December 2024, the Los Angeles County Department of Children and Family Services (Department) filed a dependency petition under section 300, subdivision (b)(1), alleging Mother had placed the children at risk of serious harm based on a home environment where law enforcement had found gang paraphernalia, marijuana, nitrous oxide, and promethazine in the home and four pounds of methamphetamine and ammunition in an adjacent shed. Law enforcement and the Department discovered these conditions when Mother's cousin, an affiliated

---

[1]     Statutory references are to the Welfare and Institutions Code unless indicated otherwise.

gang member who resided in the shed, was arrested on the property for attempted murder. Mother, H.M., and B.P. were present when the arrest and search of the home took place. Mother had been shot during a drive-by shooting at her home several years earlier.

At the jurisdiction and disposition hearing, Mother and the children's counsel asked for the petition to be dismissed based on insufficient evidence of a substantial and current risk of harm to the children resulting from her conduct. The juvenile court, however, sustained the petition as alleged, finding the children to be persons described by section 300, subdivision (b). The court followed the Department's recommendation for the children to be released to their parents under informal supervision for six months pursuant to section 360, subdivision (b).

Mother timely appealed.[2] While this appeal was pending, the six-month period of informal supervision ended without the Department filing a new petition pursuant to section 360, subdivision (c).[3]

## DISCUSSION

The Department argues Mother's appeal is moot and should be dismissed. We agree and decline Mother's request that

---

[2]   An order for informal supervision under section 360, subdivision (b), is appealable. (See *In re Adam D.* (2010) 183 Cal.App.4th 1250, 1261.)

[3]   We grant the Department's request for judicial notice of the juvenile court's register of actions, which shows the Department did not file a new petition during the informal supervision period. (Evid. Code, § 452, subd. (d) [court may take judicial notice of court records]).

we undertake a discretionary review of the merits of her moot appeal.

A. *Mootness Doctrine and Dependency Appeals*

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*); see *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490 (*I.A.*).) "A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of [the appellant], to grant him any effect[ive] relief." ' " (*D.P.*, at p. 276.) Relief is " 'effective' " where a party complains of "ongoing harm" that is "redressable or capable of being rectified by the outcome the [party] seeks." (*Ibid.*; see *I.A.*, at p. 1490 [effective relief is that which provides "the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status"].) "A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding." ' " (*D.P.*, at p. 276.)

B. *Mother's Appeal Is Moot*

Mother's appeal is moot because the family is no longer subject to Department supervision or juvenile court jurisdiction. The juvenile court ordered the family to participate in informal supervision for six months pursuant to section 360, subdivision (b). Under that statute, the court "may, without adjudicating the child a dependent child of the court, order that

4

services be provided to keep the family together and place the child and the child's parent or guardian under the supervision of the social worker for a time period consistent with Section 301." (§ 360, subd. (b).) Family maintenance services are "limited to six months and may be extended in periods of six-month increments if it can be shown that the objectives of the service plan can be achieved within the extended time periods." (§ 16506; see also § 301, subd. (a).) An order for informal supervision "deprives the court of authority to take any further action unless the matter is brought back before the court pursuant to section 360, subdivision (c), via a new petition." (*In re Emily L.* (2021) 73 Cal.App.5th 1, 14; accord, *In re Adam D.* (2010) 183 Cal.App.4th 1250, 1259-1260.)

The Department did not file a new petition during the six months of informal supervision, and the supervision period was not extended. As a result, the family is no longer subject to Department or juvenile court supervision, and we could not grant effective relief to Mother even if we determined her challenge to the jurisdiction finding had merit. (See *D.P.*, *supra*, 14 Cal.5th at p. 277 ["to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status"]; *In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 ["An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot."].)[4]

---

[4] Neither party suggests that the allegation supporting the juvenile court's jurisdiction finding is one that the Department must report for inclusion in California's Child Abuse Central Index (CACI). (See *In re S.R.* (2025) 18 Cal.5th 1042, 1048-1049 [challenge to jurisdiction finding not moot where parent

We are not persuaded by Mother's arguments that we should exercise our discretion to address the merits of her moot appeal. "A reviewing court must decide on a case-by-case basis whether it is appropriate to exercise discretionary review to reach the merits of a moot appeal." (*D.P.*, *supra*, 14 Cal.5th at p. 287.) Among the factors reviewing courts may consider is whether a challenged jurisdiction finding could affect current or future dependency proceedings, for example, by influencing the Department's decision to file a new dependency petition or a juvenile court's determination about further reunification services or the child's placement. (*Id.* at p. 285.) Also pertinent is "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct": "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at pp. 285-286.) Courts may also consider "why the appeal became moot." (*Id.* at p. 286.) For example, "[p]rinciples of fairness" may favor discretionary review of a case rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*)

While Mother asserts the jurisdiction finding "creates the possibility of prejudice . . . in subsequent family law or dependency proceedings," her concerns are vague and speculative. (See *In re Rashad D.*, *supra*, 63 Cal.App.5th at p. 164, fn. 5 [argument that jurisdiction finding might influence the Department's decision to file a new dependency petition at some point in the future deemed "too speculative to justify

demonstrates that the sustained allegation of child abuse has been or will be included in the CACI]; Pen. Code, §§ 11164-11174.3 [Child Abuse and Neglect Reporting Act].)

appellate review of an otherwise moot case"]; but see *In re C.V.* (2017) 15 Cal.App.5th 566, 571 [exercising discretion over moot appeal out of " 'an abundance of caution' " because the dismissal of the appeal operates as an affirmance of the underlying judgment].)  The ultimate inquiry in any future dependency proceeding would be whether the child is at current risk of harm based on present conditions and not solely past jurisdiction findings.  (See *I.A.*, *supra*, 201 Cal.App.4th at p. 1495 [deeming "speculative" the prospect that jurisdiction finding would affect future dependency proceeding because any dependency orders adverse to parent "would require evidence of present detriment, based on the then prevailing circumstances of parent and child"].)  Moreover, while the facts leading to the sustained jurisdiction finding here would be available in future dependency proceedings, so too would the facts that, aside from their initial detention, the children remained in Mother's care throughout these proceedings and Mother apparently cooperated with the Department's informal supervision.  (See *In re N.S.* (2016) 245 Cal.App.4th 53, 63 [facts that mother "took prompt and positive steps to reunite" with and quickly regained custody of her child would be available in any future dependency proceedings].)

Nor is the jurisdiction finding against Mother based on "particularly pernicious or stigmatizing conduct."  (*D.P.*, *supra*, 14 Cal.5th at pp. 285-286.)  Dependency jurisdiction under section 300, subdivision (b), necessarily involves conduct that is harmful to the child.  But our assessment of the perniciousness or stigmatizing nature of any harm is relative.  In this case the juvenile court found true allegations that Mother endangered her children by keeping in the home and having accessible to the

7

children gang paraphernalia, a nitrous oxide tank, THC products, a bag of marijuana, and a bottle of promethazine, and by allowing her cousin, an allegedly violent gang member, to reside in a shed on the property where other drugs and ammunition were found. These do not rank among the type of allegations that are so stigmatizing as to warrant our discretionary review. (Cf. *In re M.W.* (2015) 238 Cal.App.4th 1444, 1452 [reaching merits where jurisdiction findings based on mother's failure to protect children from sexual abuse were particularly stigmatizing].)

Mother also asserts "she should not be penalized" by being subjected to a determination that her appeal is moot "because the Department did not find enough of a risk to recommend maintaining jurisdiction over this family" and instead recommended informal supervision under section 360, subdivision (b), with which she promptly complied. Although there is no evidence in the record about Mother's level of compliance during the six months of informal supervision, apparently she sufficiently fulfilled the Department's requirements such that there was no need to file a new petition. We acknowledge Mother's point that cases like hers with successful dispositions under section 360, subdivision (b), may frequently evade review under mootness principles due to the parents' compliance before their appeals are heard. However, we decline to exercise our discretion to hear this moot appeal based solely on the fact that Mother may have promptly complied given that the other factors here do not weigh in favor of exercising discretion to hear this appeal. (See *D.P.*, *supra*, 14 Cal.5th at p. 286 ["no single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal"].)

8

## DISPOSITION

Mother's appeal is dismissed as moot.


STONE, J.

We concur:


MARTINEZ, P. J.


FEUER, J.